**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com


Attorney for Plaintiffs
SB EXPRESS ONE, LLC,
a California limited liability
company, KALPESH SOLANKI,
DIPAK PATEL, ASHOK PATEL,
REEKESH PATEL, JAGRUTI
PANDYA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SB EXPRESS ONE LLC, a California limited company; KALPESH SOLANKI; DIPAK PATEL; ASHOK PATEL; REEKESH PATEL; JAGRUTI PATEL;<br><br>Plaintiffs,<br><br>v<br><br>WYNDHAM HOTEL & RESORTS, INC.; WYNDHAM HOTEL GROUP; SUPER 8 WORLDWIDE, INC.; DOES 1-10 INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF FEDERAL CIVIL RIGHTS AND RICO]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs SB EXPRESS ONE, LLC, a California limited liability company, KALPESH SOLANKI, DIPAK PATEL, ASHOK PATEL, REEKESH PATEL, JAGRUTI PANDYA (collectively "Plaintiffs" or individually "SBLLC," "KS," "DP," "AP," "RP," "JP") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964, and 42 U.S.C. Sections 1981 and 1982. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c), and 42 U.S.C. Sections 1981 and 1982. The Court also has jurisdiction pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## PARTIES

1. Plaintiff SBLLC, is a limited liability company, duly formed under the laws of the State of California with a principal place of business located at 205 E. Hospitality Lane, San Bernardino, CA 92408.

2. Plaintiff KS is an individual and a member of SBLLC and a resident of San Bernardino County, California.

3.    Plaintiff DP is an individual and a and a member of SBLLC and a resident of San Bernardino County, California.

4.    Plaintiff AP is an individual and member of SBLLC.

5.    Plaintiff RP is an individual and member of SBLLC.

6.    Plaintiff JP is an individual and member of SBLLC.

7.    Defendant WYNDHAM HOTEL & RESORTS, INC. ("WHR," or collectively with the other named defendants as "Defendants") is Delaware corporation with a principal address at 22 Sylvan Way, Parsippany, NJ 07054.

8.    Defendant WYNDHAM HOTEL GROUP ("WHG," or collectively with the other named defendants as "Defendants") is Delaware corporation with a principal address at 22 Sylvan Way, Parsippany, NJ 07054.

9.    Defendant SUPER 8 WORLDWIDE, INC. ("SUPER 8," or collectively with the other named defendants as "Defendants") is a Delaware corporation with a principal address at 22 Sylvan Way, Parsippany, NJ 07054.

10.    The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiff are unknown to him at this time. Plaintiff is informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names

on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff SBLLC is the one hundred percent (100%) owner of a hotel that is known as the SUPER 8 BY WYNDHAM SAN BERNARDINO ("Hotel") located at 205 E. Hospitality Lane, San Bernardino, CA 92408 ("Hotel").

13. Plaintiff SBLLC purchased the Hotel in 2021, and then entered into a franchise agreement ("Agreement") on October 29, 2021 with the Defendant SUPER 8.

14. The Defendant SUPER 8 is a subsidiary of the Defendant WHG and both the parent company of SUPER 8 and WHG is WHR.

15. Pursuant to the Agreement, any claim arising under or relating to the Agreement is restricted as to venue to a state or federal court in New Jersey.

16. California Business and Professions Code Section 20040.5 states that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."

17. The Agreement is inconsistent with California Business and Professions Code Sections 20000 through 20043, and Section 20040.5, the California Franchise Relations Act ("CFRA"), which controls.

4

18.    Venue is proper in this District, and the Defendants are subject to the personal jurisdiction of this Court because Plaintiffs owned and operated the Hotel as a franchise of the Defendants in this District, and all or most of the events giving rise to this action occurred in this District. See 28 U.S.C. Section 1391(b).

19.    The Agreement is also void in that it does not provide a notice and opportunity to cure alleged breaches of the Agreement with written notice of the alleged default with a reasonable opportunity to cure the alleged default which under the CFRA requires at 60 days opportunity to cure.

20.    The Agreement is also void in that it does not provide a notice and opportunity to cure alleged breaches of the Agreement with written notice of the alleged default with a reasonable opportunity to cure the alleged default which under the CFRA requires at 60 days opportunity to cure, and in effect is further inconsistent with the CFRA in that it does not provide a "good cause" mechanism for termination of the Agreement.

21.    Within at least the past year from the filing of this Complaint, the Defendants, and each of them, claimed a breach of the Agreement in that they claimed that the Plaintiff SBLLC was in arrears on payment of royalties and licensing fees to SUPER 8.

22.    In fact, under the Agreement, SUPER 8 was required to refer clientele and guests seeking to stay at a Super 8 franchise hotel in the Ridgecrest, CA area, and did not do, instead referring the majority of their guest referrals to a competitor of Plaintiff SBLLC who is Caucasian.

23.    Plaintiffs KS, DP, AP, RP, and JP are U.S. Citizens and of Asian-Indian and Gujarati origin which the Defendants, and each of them, were at all times material herein aware of, and were required by SUPER 8 to sign as guarantors of SBLLC at the time the Agreement was entered into, and are required by SUPER 8 to be bound to the same provisions of the Agreement as set forth in paragraphs 15-20 above.

5

24.    Upon the alleged claim by the Defendants that Plaintiff SBLLC was in breach of the Agreement, the Defendants failed to provide the required 60 day minimum notice cure period as required by the CFRA.

25.    Instead, Plaintiffs KS and DP, who were negotiating a payment workout arrangement which he was informed by SUPER 8 would be agreeable, SUPER 8 suddenly blocked the Plaintiffs from any online reservation providers such as Expedia or Booking.com.

26.    When Plaintiffs KS and DP attempted to reinstate the online booking reservation system with such providers such as Expedia or Booking.com, they were informed that Plaintiff SBLLC could not do so because the Defendants had blocked access even though they have not formally terminated the Agreement.

27.    After blocking access to the online reservation booking system, the Plaintiffs were informed that the payment workout arrangement could not be implemented until later they were informed that their Agreement was suspended.

28.    As a result of the above, as stated in paragraphs 12-27 above, the Plaintiffs have in effect been closed by the Defendants, as they have no on line booking reservations which is the vast majority of the business that they had operated as a tourist hotel in Ridgecrest, CA, and will not permit the Plaintiff TP to transfer or sell his interest to other third parties who are business associates and also Asian-Indian and Gujarati, including Plaintiff KS, without providing reasonable grounds to do so, and which also is inconsistent with the CFRA.

29.    In taking the actions set forth in paragraphs 12–28 above, the Defendants, and each of them, acted with full knowledge, consent, and agreement among themselves regarding the facts stated herein.

30.    Plaintiffs have been severely damaged in both economic and non-economic damages.

6

Based on the foregoing, Plaintiffs allege the following claims for relief.

## FIRST CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1981 by All Plaintiffs Against All Defendants)

31.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-30 above.

32.   The actions of the Defendants, and each of them, constitutes violations of 42 U.S.C. Section 1981 which states that "[a]ll persons within the jurisdiction of the United States shall have the right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security and property as is enjoyed by white citizens . . .

33.   As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured in an amount according to proof at trial but not less than $20,000,000.00 against each defendant. Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 1982 by All Plaintiffs Against All Defendants)

34.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-33 above.

35.   The actions of the Defendants, and each of them, constitutes violations of 42 U.S.C. Section 1982 which ensures that all U.S. citizens have the same right to

inherit, purchase, lease, and hold, and convey property, regardless of race.

36. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured in an amount according to proof at trial but not less than $20,000,000.00 against each defendant. Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988.

### THIRD CLAIM OF RELIEF

**(Violation of 18 U.S.C. Section 1964(c) by Plaintiff TP Against All Defendants)**

37. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-36 above.

38. Said Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5) and 1964©.

39. Said Defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

40. As a proximate result of the foregoing actions of the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, Plaintiffs have been injured in their business and according to proof at

trial  but not less than $10,000,000.00 against each defendant. Plaintiff is also entitled to his reasonable attorney's fees and treble damages.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**<u>FIRST CLAIM FOR RELIEF</u>**

1.  For damages according to proof at trial but believed to be not less than $20,000,000.00;

2.  For attorney's fees;

**<u>SECOND CLAIM FOR RELIEF</u>**

3.  For damages according to proof at trial but believed to be not less than $20,000,000.00;

4.  For attorney's fees;

**<u>THIRD CLAIM FOR RELIEF</u>**

5.  For damages according to proof at trial but believed to be not less than $10,000,000.00;

6.  For treble damages;

7.  For attorney's fees;

**<u>FOR ALL CLAIMS FOR RELIEF</u>**

8.  For costs of suit;

9. For such other and further relief as the Court deems proper.

Dated: March 30, 2026        LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiffs SB EXPRESS ONE, LLC,
a California limited liability company,
KALPESH SOLANKI, DIPAK PATEL,
ASHOK PATEL, REEKESH PATEL,
JAGRUTI PANDYA

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: March 30, 2026        LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

FRANK A. WEISER, Attorney for
for Plaintiffs SB EXPRESS ONE, LLC,
a California limited liability company,
KALPESH SOLANKI, DIPAK PATEL,
ASHOK PATEL, REEKESH PATEL,
JAGRUTI PANDYA